**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ROBERT GARRASI,

                Plaintiff,

    v.                             1:23-CV-1377 (AMN/DJS)

SELENE FINANCE, LP,

                Defendant.

**APPEARANCES:**                          **OF COUNSEL:**

**ROBERT GARRASI**
7 Stablegate Drive
Clifton Park, NY 12065
Plaintiff *pro se*

**HINSHAW & CULBERTSON LLP**          **MITRA P. SINGH, ESQ.**
800 Third Ave, 13th Floor
New York, New York 10022
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

## I.      INTRODUCTION

      On October 3, 2023, Plaintiff Robert Garrasi ("Plaintiff" or "Garrasi") commenced this

action against Defendant Selene Finance, LP ("Defendant" or "Selene") in Saratoga Springs City

Court, County of Saratoga, alleging that the Defendant violated the Fair Debt Collection Practices

Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. ("Section 1692").  Dkt. No. 2 (the "Complaint").  On

November 2, 2023, Defendant filed a Notice of Removal to the Northern District of New York.

Dkt. No. 1.

      Presently before the Court is Defendant's motion to dismiss the Complaint for failure to

state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule 12(b)(6)").
Dkt. No. 7 (the "Motion").  Plaintiff filed an Opposition to the Motion, Dkt. No. 10, and Defendant
filed a Reply.  Dkt. No. 13.

     For the reasons set forth below, Defendant's Motion is granted.

## II.     BACKGROUND

     The following facts are drawn from the Complaint and the exhibits attached to the
Complaint, and unless otherwise noted are assumed to be true for purposes of ruling on the Motion.
*See Div. 1181 Amalg. Transit Union-N.Y. Emps. Pension Fund v. N.Y.C. Dep't of Educ.*, 9 F.4th
91, 94 (2d Cir. 2021) (*per curiam*); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153
(2d Cir. 2002) ("On a motion to dismiss, a court may consider documents attached to the complaint
as an exhibit") (quotation omitted).

     Selene is a Delaware Limited Partnership, with a principal office in Texas, that transacts
business in New York as a debt collector and a mortgage loan servicer.  Dkt No. 2 at ¶¶ 4-6.
Plaintiff is a resident of Clifton Park, New York.  *Id.* at ¶ 3.

     Liberally construed, the Complaint alleges that Defendant violated 15 U.S.C. § 1692k of
the FDCPA[1] by sending Plaintiff a "letter via email on June 28, 2023 telling [Plaintiff] that
[Defendant] was trying to collect a debt from [him]" that he did not owe.  *Id.* at ¶¶ 7, 9.
Specifically, on June 15, 2023, Plaintiff emailed Selene's customer service department, with the
subject line "request for copy of a forced place insurance policy."  Dkt. No. 2 at 12.[2]  On June 17,

---

[1] The FDCPA allows a private plaintiff to recover damages when a debt collector violates the Act.
*See* 15 U.S.C. § 1692k(a).  However, a debt collector "may not be held liable . . . if the debt
collector shows by a preponderance of evidence that the violation was not intentional and resulted
from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid
any such error."  *Id.* at § 1692k(c).

[2] Citations to docket entries utilize the pagination generated by CM/ECF, the Court's electronic
filing system.

2023, Selene requested Plaintiff send his "Selene account number and/or property address." *Id.*
Plaintiff responded that he did "not have a Selene account number" but was the "owner of a
property that has a forced place insurance policy on it," and requested a copy of the insurance
policy for "1286 Schodack Valley, Castleton, New York 12033." *Id.* at 11.  After Selene was
unable to find Plaintiff's property in its records, on June 21, 2023 Plaintiff emailed Selene that he
accidentally provided the wrong address and sent the property address of "130 Polsin Drive,
Schenectady, NY 12303" (the "Subject Property"). *Id.* at 10-11.  Plaintiff also provided the case
name and index number related to a mortgage foreclosure action pending in New York Supreme
Court, Schenectady County, against Suzanne Hallinan, et al. (the "Mortgage Foreclosure Action").
*Id.* at 10.[3]  Selene responded by email on June 28, 2023, and provided a copy of the insurance
document related to the Subject Property. *Id.* at 9.  Under the email signature of Selene's customer
service representative, the email states that "Selene Finance LP is a debt collector attempting to
collect a debt and any information obtained will be used for that purpose." *Id.* at 10.

## III.    STANDARD OF REVIEW

A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) tests the legal
sufficiency of a party's claim for relief.  *See Patane v. Clark*, 508 F.3d 106, 111-12 (2d Cir. 2007).
In considering legal sufficiency, a court must accept as true all well-pled facts in the complaint
and draw all reasonable inferences in the pleader's favor.  *See ATSI Commc'ns, Inc. v. Shaar Fund,
Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (citation omitted).  This presumption, however, does not

---

[3] Defendant attached to its Motion a copy of the Amended Complaint in the Mortgage Foreclosure
Action.  Dkt. No. 7-4.  The Amended Complaint alleges that Hallinan, the "obligator/mortgagor
of the loan," failed to make payments to the plaintiff on the Subject Property.  *See generally id.*
Garrasi was named in the Amended Complaint as an "Owner" of the Subject Property.  *Id.* at 7.
In the Foreclosure Action, on June 20, 2023 Garrasi filed an Affidavit in Support of Motion to
Vacate Judgment and Order and Dismiss the Complaint.  Dkt. No. 7-5.

extend to legal conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

To survive a motion to dismiss, a party need only plead "a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), with sufficient factual "heft to show that the pleader is entitled to relief," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (quotation omitted). Under this standard, a pleading's "[f]actual allegations must be enough to raise a right of relief above the speculative level," *id.* at 555 (citation omitted), and present claims that are "plausible on [their] face," *id.* at 570. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citation omitted). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Ultimately, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," *Twombly*, 550 U.S. at 558, or where a plaintiff has "not nudged [its] claims across the line from conceivable to plausible, the . . . complaint must be dismissed." *Id.* at 570.

"[I]n a *pro se* case . . . the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2003) (quoting, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). The Second Circuit has held that courts are obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id*. (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## IV.     DISCUSSION

Defendant argues that Plaintiff has failed to state a claim under the FDCPA. "Congress enacted the FDCPA in 1977 to eliminate 'abusive practices in the debt collection industry, and . .

4

. to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged.'" *Campbell v. MBI Assocs., Inc*., 98 F. Supp. 3d 568, 576-77 (E.D.N.Y. 2015) (quoting *Jacobson v. Healthcare Fin. Svcs., Inc.,* 516 F.3d 85, 89 (2d Cir. 2008); 15 U.S.C. § 1692(e)).  "Debt collectors that violate the FDCPA are strictly liable, meaning that a consumer need not show intentional conduct by the debt collector to be entitled to damages." *Rimberg v. Discover Bank*, No. 17-CV-10209 (KMK), 2019 WL 1331685, at *5 (S.D.N.Y. Mar. 25, 2019) (quoting *Easterling v. Collecto, Inc.*, 692 F.3d 229, 234 (2d Cir. 2012)).  A single violation of the FDCPA "is sufficient to subject a debt collector to liability under the statute." *Id.* (citing *Ellis v. Solomon & Solomon, P.C.*, 591 F.3d 130, 133 (2d Cir. 2010)).

"A violation under the FDCPA requires that (1) the plaintiff be a 'consumer' who allegedly owes the debt or a person who has been the object of efforts to collect a consumer debt, (2) the defendant collecting the debt must be considered a 'debt collector,' and (3) the defendant must have engaged in an act or omission in violation of the FDCPA's requirements." *Derosa v. CAC Fin. Corp*., 278 F. Supp. 3d 555, 559-60 (E.D.N.Y. 2017), *aff'd*, 740 F. App'x 742 (2d Cir. 2018).

## A.    Failure to State a Claim

Defendant's principal argument is that Plaintiff has failed to state a claim because Selene did not attempt to collect a debt from him.  Dkt. No. 7-1 at 9-11.  In response, Plaintiff argues that the communications sent by Defendant to Plaintiff were "in connection with the collection of a debt" even though Defendant knew that Plaintiff did not owe a debt.  Dkt. No. 10 at ¶¶ 6-7.

Whether a communication is "'in connection with the collection of [a] debt' is a question of fact to be determined by reference to an objective standard." *Hart v. FCI Lender Servs., Inc*., 797 F.3d 219, 225 (2d Cir. 2015).  The FDCPA only applies to a communication if "a consumer receiving [that communication] could reasonably understand it to be . . .  in connection with the

collection of a debt." *Id.* (stating that a court "must view the communication objectively, asking whether [plaintiff] has plausibly alleged that a consumer receiving the communication could reasonably interpret it as being sent 'in connection with the collection of a debt,' rather than inquiring into the sender's subjective purpose").

Further, a court "must view the subject communications from the perspective of the 'least sophisticated consumer.'" *Hummel v. Forster & Garbus LLP*, No. 16-CV-6288 (CJS), 2017 WL 4697514, at *6 (W.D.N.Y. Oct. 19, 2017) (citing *Jacobson*, 516 F.3d at 90). Under the "least sophisticated consumer" standard, "collection [communications] can be deceptive if they are open to more than one reasonable interpretation, at least one of which is inaccurate." *DiMatteo v. Sweeney, Gallo, Reich & Bolz, L.L.P.*, 619 F. App'x 7, 9 (2d Cir. 2015) (summary order) (quotation omitted). However, the least sophisticated consumer is "presumed to possess a rudimentary amount of information about the world and a willingness to read a collection notice with some care." *Kolbasyuk v. Cap. Mgmt. Servs., LP*, 918 F.3d 236, 239 (2d Cir. 2019) (quotation omitted).

Plaintiff argues that under the Second Circuit's decisions in *Hart*, 797 F.3d 219, and *Carlin v. Davidson Fink LLP*, 852 F.3d 207 (2d Cir. 2017), a debt collector violates the FDCPA by sending a communication that contains a debt-collection disclaimer, such as the communication Defendant sent Plaintiff, that "this letter is an attempt to collect a debt." Dkt. No. 10 at ¶¶ 5, 8, 10. However, in finding that the plaintiffs in *Hart* and *Carlin* adequately alleged a communication with a consumer in connection with the collection of a debt, the Second Circuit relied on several factors in addition to the debt-collection disclaimer, none of which are present here.

In *Hart*, the court found that even though the letter sent by the defendant titled "Transfer of Servicing Letter" did not include an explicit demand for payment or discuss the plaintiff's debt, the letter was sent in connection with the collection of a debt because "(1) the letter directed the

recipient to mail payments to a specified address, (2) the letter referred to the FDCPA by name, (3) the letter informed the recipient that he had to dispute the debt's validity within thirty days, and (4) most importantly, the letter emphatically announced itself as an attempt at debt collection: THIS IS AN ATTEMPT TO COLLECT UPON A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE." *Carlin*, 852 F.3d at 215 (summarizing the four factors highlighted in *Hart*) (quotation omitted).

In *Carlin*, the court, applying the four factors from *Hart*, found that a communication sent in response to a consumer's letter disputing the validity of a debt and requesting a payoff statement was sent "in connection with the collection of a debt," because the letter provided an address to mail payments, referred to the FDCPA by name, and stated, in capital letters, that it was "an attempt to collect a debt, [and] any information obtained [would] be used for that purpose." *Id.*; *see also Smith v. Bendett & McHugh, P.C.,* No. 3:22-CV-00239 (JAM), 2024 WL 1117002, at *4 (D. Conn. Mar. 13, 2024) (noting that courts in the Second Circuit consider the four factors from *Hart* in determining whether plaintiff alleged that a communication is "in connection with the collection of a debt").[4]

Here, Defendant's email to Plaintiff contained the disclaimer "Selene Finance LP is a debt collector attempting to collect a debt." Dkt. No. 2 at 10. However, none of the other factors set forth in *Hart* or *Carlin* are present in Defendant's communication with Plaintiff, and several of the additional factors mentioned in *Carbone* indicate that the communication was not "in connection

---

[4] Some courts have also considered additional factors to those laid out in *Hart* and *Carlin*, including, "(a) the nature of the relationship of the parties, (b) whether the communication was sent in response to an inquiry or request by the debtor, (c) whether the statements were part of a strategy to make payment more likely; and (d) whether it threatened consequences should the debtor fail to pay." *Carbone v. Gross Polowy LLC*, No. 17-CV-4564 (SJF) (SIL), 2019 WL 1114899, at *5 (E.D.N.Y. Mar. 11, 2019) (quotation marks and citations omitted).

with the collection of a debt." Plaintiff initiated the relevant series of communications with Selene by requesting a copy of an insurance policy and told Selene that he did not have an account with it. Dkt. No. 2 at 11-12. Selene's response to Plaintiff does not: (a) specify that the account belongs to Plaintiff; (b) identify any dollar amount owed; (c) direct Plaintiff to make a payment to a particular address; (d) reference the FDCPA; (e) inform Plaintiff that he had to dispute the debt's validity within a certain period of time; or (f) threaten consequences if Plaintiff fails to pay a debt. *Id.* at 10-11; *see Hart*, 797 F.3d at 225; *Carlin*, 852 F.3d at 215; *Carbone*, 2019 WL 1114899, at *5.

The Court finds that, even under the least sophisticated consumer standard, Plaintiff has not "plausibly alleged that a consumer receiving the communication could reasonably interpret it as being sent 'in connection with the collection of a debt.'" *Hart*, 797 F.3d at 225; *see, e.g.*, *Hayles v. Aspen Properties Grp., LLC*, No. 16 CIV. 8919 (JFK), 2017 WL 3602027, at *4-5 (S.D.N.Y. Aug. 21, 2017) (finding that even though a letter stated "[t]his Communication is from a Debt Collector and any information obtained will be used for that purpose," the letter was not "in connection with the collection of a debt" because the letter lacked the other factors identified in *Hart* and *Carlin*, including that it did not direct plaintiff to make a payment to a specific address, refer to the FDCPA by name, or provide the plaintiff a timeline for disputing the debt's validity); *Collazo v. Resurgent Cap. Servs.*, *L.P.*, 443 F. Supp. 3d 398, 404 (W.D.N.Y. 2020) (applying the factors in *Hart* and *Carlin* and finding that a financial services company's letters to a plaintiff debtor did not violate the FDCPA because the letters did not direct the plaintiff to mail payments to a specified address, refer to the FDCPA by name, or inform the plaintiff of her right to dispute the debt's validity) (collecting cases).[5] Accordingly, the Court grants Defendant's Motion to

---

[5] Defendant also argues that Plaintiff is not a "consumer" under the FDCPA because "Plaintiff

dismiss for failure to state a claim under the FDCPA.

**B.    Opportunity to Amend**

Generally, a court should not dismiss claims contained in a complaint filed by a *pro se* litigant without granting leave to amend at least once "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Branum v. Clark*, 927 F.2d 698, 704-05 (2d Cir. 1991); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires.").  An opportunity to amend is not required, however, where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.").  Stated differently, "[w]here it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend." *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993); *accord Brown v. Peters*, 95-CV-1641 (RSP) (DS), 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997).

---

does not allege that he is obligated to pay any debt and . . . acknowledges that he does not have an account with Selene." Dkt. No. 7-1 at 8 (citing Dkt. No. 2 at ¶¶ 7, 9); *see also* 15 U.S.C. § 1692a(3) (defining "consumer" as "any natural person obligated or allegedly obligated to pay any debt"). In order to have standing to sue under the FDCPA, a plaintiff must be a "consumer," stand in the shoes of a consumer, or plead injurious exposure to the debt collection attempts at issue.  *See Schwartz v. Resurgent Cap. Servs., LP,* No. 08-CV-2533 (NG/RML), 2009 WL 3756600, at *3 (E.D.N.Y. Nov. 9, 2009) (finding plaintiff was not a "consumer" under the FDCPA when plaintiff failed to allege he was "obligated to pay the debt referred to in the collection letter" and the letter referred to the debt of someone other than plaintiff); *Cunningham v. Channer, LLC*, No. 17-CV-1305-FPG, 2018 WL 4620391, at *5 (W.D.N.Y. Sept. 26, 2018) ("[T]he Second Circuit has held that, at the very least, a plaintiff who is not the debt consumer and neither stands in the shoes of a consumer . . . nor has pleaded injurious exposure to the debt collection attempts at issue lacks standing to bring an action.") (quotation omitted).  The Court agrees that Plaintiff has not alleged sufficient facts to show that he has standing to sue for a violation of the FDCPA.

Here, in light of the factual and substantive deficiencies in Plaintiff's Complaint set forth above, the Court finds that any amendment would be futile.   Accordingly, the Court grants Defendant's Motion to dismiss Plaintiff's Complaint in its entirety, with prejudice.

## V.        CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss, Dkt. No. 7, is **GRANTED**; and the Court further

**ORDERS** that the Complaint, Dkt. No. 2, is **DISMISSED with prejudice and without leave to replead**; and the Court further

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules, and close the case.

**IT IS SO ORDERED.**

Dated: <u>April 16, 2024</u>
       Albany, New York

Anne M. Nardacci
U.S. District Judge